LIVINGSTONE WORSTED CO. *vs.* MINNIE A. TOOP.

JULY 5, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Workmen's Compensation Act. Employee. Compensation.*

Where one was employed by the week at the wage of $70, and the relation was subject to termination by either party at the end of any week, and servant had announced his intention of leaving his work for an indefinite period, it cannot be said his remuneration would exceed $3,000 a year, within the meaning of Gen. Laws, 1923, par. 1290, defining an "employee" under the Workmen's Compensation Act as "any person who has entered into the employment of or works under contract of service or apprenticeship with any employer and whose remuneration does not exceed $3,000 a year."

PETITION under Workmen's Compensation Act. Heard on appeal of petitioner and appeal sustained.

SWEENEY, J. This petition under the Workmen's Compensation Act was filed in the Superior Court by an employer.

James A. Toop died August 27, 1926, as the result of injuries sustained in the course of his employment by petitioner. Respondent is his widow and sole dependent. She filed an answer in which she claimed that her husband was not an "employee" subject to the provisions of the Workmen's Compensation Act because his remuneration from petitioner exceeded $3,000 a year. After hearing a final decree was entered containing findings of fact and a ruling of the court sustaining the contention of respondent and dismissing the petition. Petitioner has brought the cause to this court by its appeal stating as a reason therefor that the ruling of the court was erroneous.

The facts are undisputed. Mr. Toop was accidentally killed by an electric shock while operating an elevator. He had been continuously employed as overseer of dyeing by petitioner for more than twenty years. Petitioner accepted the provisions of the Workmen's Compensation Act which took effect October 1, 1912. At that time Mr. Toop's wages were $31.50 a week. He was then an "employee"

within the meaning of the Act. His wages were increased from time to time until in 1920 he was paid $70 a week. His wages continued at this amount until his death. Mr. Toop was employed and paid by the week. About the first of August he told petitioner's general manager that he wished to take a long vacation and that he might leave his work permanently. Upon the request of the manager Mr. Toop consented to continue his work until the first of September.

The sole question presented by the appeal is whether the deceased was an "employee" whose remuneration did not exceed $3,000 a year within the meaning of that part of § (1290), General Laws 1923, defining "employee" as "any person who has entered into the employment of, or works under contract of service or apprenticeship with any employer, and whose remuneration does not exceed three thousand dollars a year."

In construing the Workmen's Compensation Act we have held that it is to be interpreted with a liberality calculated to effectuate its purpose, and that it should receive such a construction as will extend its benefits to the largest possible class of employees and restrict those excluded to the smallest possible class. *Taglinette* v. *The Sidney Worsted Co.*, 42 R. I. 133; *O'Bannon Corp.* v. *Walker*, 46 R. I. 509.

On the facts appearing in this cause we are of the opinion that the deceased was an "employee" of the petitioner within the meaning of said Act. The deceased had no contract of service with petitioner for wages exceeding $3,000 a year. His term of employment was by the week. At the end of any week he could cease working for petitioner or the petitioner could discharge him. He had announced his intention of leaving his work for an indefinite period. As he had no contract of service for a year it can not be said that his remuneration for a year would exceed $3,000.

We considered a similar question in *O'Bannon* v. *Walker*, *supra*, and were of the opinion that the respondent was an employee within the meaning of the Act. In *Kelley's Dependents* v. *Hoosac Lumber Co.*, 113 A. (Vt.), 818, one of

the questions before the court was whether the Act applied on account of Kelley's remuneration. The court held that the only employees excluded under the Act were those working under a contract, the definite term of which was one full year or more, and at a determined or determinable wage amounting to more than $2,000; and that all other employees, regardless of the total amount earned, were within the Act.

Our conclusion is that the court erred in ruling that the deceased was not an "employee" of petitioner; and the decree appealed from is reversed. Petitioner is entitled to have a decree entered awarding respondent the compensation provided in said Act on account of the death of her husband. The parties may present a decree to this court on July 8, 1927, at 9 o'clock, a. m., Standard time, for entry by the Superior Court.

*Ralph T. Barnefield,* for petitioner.

*George H. Raymond, Wallace R. Chandler, Jr.,* for respondent.